UNITED STATES of America,
Plaintiff–Appellee,

v.

Quentin Lee HAVIER, Defendant–
Appellant.

No. 99–10159.

D.C. No. CR–98–00573–RCC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 23, 2001 *.

Decided May 24, 2001.

Before CHOY, SKOPIL, and
FERGUSON, Circuit Judges.

MEMORANDUM **

Quentin Havier pleaded guilty to one count of possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), preserving his right to challenge the district court's denial of his motion to suppress. On appeal, he renews his challenge to the constitutionality of the stop and search of his vehicle by immigration officers at a temporary checkpoint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

There is no dispute that brief checkpoint stops conducted by immigration officers are seizures within the meaning of the Fourth Amendment. *See United States v. Martinez–Fuerte*, 428 U.S. 543, 556, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). The Supreme Court held, however, that such seizures are constitutional, even absent reasonable suspicion, given the public interest in policing the entry of illegal aliens and the minimal intrusion on privacy

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

caused by the stop. *Id.* at 556–62, 96 S.Ct. 3074. We have applied *Martinez–Fuerte* and concluded that the practice of stopping all vehicles at a clearly visible, temporary checkpoint is not unreasonable under the Fourth Amendment, *see United States v. Hernandez,* 739 F.2d 484, 485 (9th Cir. 1984), even if the checkpoint is set up in part to search for illegal drugs, *see United States v. Soto–Camacho,* 58 F.3d 408, 411–12 (9th Cir.1995). The record here indicates that the checkpoint procedures challenged by Havier fully comport with the requirements set forth by these cases. Accordingly, we affirm the judgment of the district court.

AFFIRMED.

---

** The panel unanimously found this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.